IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE MURILLO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 09-1974 |

**MEMORANDUM**

Padova, J.                                                                                          March 8, 2010

Plaintiff Annette Murillo commenced this negligence action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), after she fell on the sidewalk in front of the Robert N.C. Nix Federal Building (the "Nix Building") in Philadelphia. Presently before the Court is Defendant's Motion for Summary Judgment. For the reasons stated below, the Motion is denied.

**I.      BACKGROUND**

On the morning of February 4, 2008, Plaintiff was traveling to a medical appointment at a Thomas Jefferson Hospital facility located at 925 Chestnut Street in Philadelphia. (Murillo Dep. at 12.) The Nix Building, which Defendant owns, is also located on the 900 block of Chestnut Street. (See id. at 20.) The sidewalk on the 900 block of Chestnut Street consists of groups of brick pavers surrounded by concrete pavement. (See id. at 14.) While crossing the sidewalk in front of the Nix Building, on the 900 block of Chestnut Street, Plaintiff fell where a group of brick pavers had sunk and left a one-inch gap between the bricks and the pavement. (Id. at 14, 17-18.) Plaintiff required stitches in her knee and physical therapy for her ankle. (Id. at 25.) Plaintiff commenced the instant action against Defendant on May 8, 2009. She alleges that Defendant negligently allowed the dangerous and defective paving condition to remain on the sidewalk.

**II.     LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

"[A] party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion, and identifying those portions of [the record that] it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court [] that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response "must – by affidavits or otherwise as provided in this rule – set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

"In evaluating the evidence, we take the facts in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in [her] favor." Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669, 680 (3d Cir. 2003) (internal quotation omitted). "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402, 407 (E.D. Pa. 2000). Indeed, evidence introduced to defeat

2

or support a motion for summary judgment must be capable of being admissible at trial. Callahan v. AEV, Inc., 182 F.3d 237, 252 n.11 (3d Cir. 1999) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993)).

## III. DISCUSSION

In its Motion for Summary Judgment, Defendant argues both that the change in pavement on the 900 block of Chestnut Street was so open and obvious that there was no duty to guard against it, and that the one-inch gap between the brick pavers and concrete sidewalk was too trivial to serve as a basis for a negligence claim. In response, Plaintiff argues that the sidewalk defect in question was not so trivial that we must hold as a matter of law that Defendant was not negligent in permitting its existence, and that there is no evidence in the record that she was aware of the defect in the sidewalk. Thus, according to Plaintiff, the obviousness or triviality of the sidewalk defect should be determined by the factfinder.

In a negligence action brought under the Federal Tort Claims Act, we determine liability by applying the substantive law of Pennsylvania, as that is the state where the allegedly negligent conduct took place. 28 U.S.C. § 1346(b)(1); see also Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007); Matsko v. United States, 372 F.3d 556, 559 (3d Cir. 2004). In order to prevail on a claim for negligence under Pennsylvania law, Plaintiff must establish "that the defendant had a duty 'to conform to a certain standard of conduct;' that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage." Phillips v. Cricket Lighters, 841 A.2d 1000, 1008 (Pa. 2003) (quoting Morena v. S. Hills Health Sys., 462 A.2d 680, 684 n.5 (Pa. 1983)). The standard of care owed by a property owner to an entrant on the owner's land depends on the entrant's status. Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). In this case, neither party

3

disputes that Plaintiff was an invitee when she fell on Defendant's sidewalk.[1] A property owner is subject to liability for harm caused to its invitees by a condition on the property if and only if the property owner:

>   (a)   knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
>   (b)   should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>   (c)   fails to exercise reasonable care to protect them against the danger.

Id. (quoting Rest. (2d) Torts § 343). However, a property owner is not liable for harm caused to its invitees "by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Id. (quoting Rest. (2d) Torts § 343A). Additionally, where a defect is "obviously trivial," the court must hold as a matter of law that the property owner was not negligent. Breskin v. 535 Fifth Avenue, 113 A.2d 316, 318 (Pa. 1955) (quoting Aloia v. City of Washington, 65 A.2d 685, 686 (Pa. 1949); and Henn v. City of Pittsburgh, 22 A.2d 742, 743 (Pa. 1941)).

Defendant has submitted the following evidence in support of its Motion: (1) one photograph of the sidewalk and surrounding area where Plaintiff fell, taken by Plaintiff and enlarged by Defendant; (2) five photographs of the sidewalk and surrounding area, taken on November 4, 2009, by Lisa Murray, Defendant's legal assistant; and (3) the declaration of Ms. Murray, attesting that following Plaintiff's deposition, she located the place where Plaintiff said she had fallen. (Def.'s Exs. A, B1-B6.) Ms. Murray's declaration states that the photographs she took "fairly and accurately

---

[1] Section 332 of the Restatement (Second) of Torts defines a public invitee as "a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." Rest. (2d) Torts § 332(2).

4

represent the condition of the sidewalk and the relative position of the sidewalk and pavers on the day [she] took these pictures." (Def's Ex. B6 ¶ 6.) However, Defendant makes no representation that any of the six photographs submitted fairly and accurately represents the condition of the sidewalk and pavers on the day Plaintiff fell. Consequently, the record before us contains no evidence that the condition of the sidewalk and pavers at the time of Plaintiff's accident was either so open and obvious or so trivial that we must reject Plaintiff's negligence claim as a matter of law. We conclude that Defendant has failed to satisfy its burden of establishing the absence of any genuine issue of material fact.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.